IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

GEORGE HARRISON, et al.,

    Plaintiffs,

v.                              CIVIL ACTION NO. 2:09-0359

E. JOHN HOSCH, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs' motion for mandatory or permissive abstention and remand to state court (doc. # 4). The intervening plaintiffs have also moved to join in the motion to remand (doc. # 6). The third party defendants have filed their own motion to remand (doc. # 7). For the reasons set forth more fully below, the motions to remand are **GRANTED**.

## Background

According to the allegations in the amended complaint, defendant Three Rivers Companies, LLC ("Three Rivers") owned and sold building lots within an upscale residential community in Fayette County, West Virginia, called River Ridge at Kanawha Falls. Plaintiffs purchased lots within this community from Three Rivers and the related entities. The various other defendants herein were involved in either the sale, marketing, development, financing, and/or insuring of River Ridge at Kanawha Falls. After making these purchases, plaintiffs discovered that

the subject property had not been approved for subdivision nor was a sewer system in place. Further, due to the nature of the property at issue, it was unlikely that the property could be made suitable for residential development.

This civil action was filed in the Circuit Court of Kanawha County, West Virginia, on October 3, 2007. In their complaint, plaintiffs asserted state law claims for breach of contract, negligence, and fraud. In turn, Three Rivers filed a third-party complaint against various Fayette County governmental officials and entities.

On July 24, 2008, and some ten months after the complaint was filed, Three Rivers removed the case to this court where it was assigned Civil Action No. 2:08-0943 ("the 2008 case"). As grounds for removal, Three Rivers contended that plaintiffs' claims 1) "involve substantial unplead issues of Federal Law under the Interstate Land Sales Act," 15 U.S.C. §§ 1701, et seq.; and 2) arise under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In its notice of removal, Three Rivers further stated that removal was proper because of <u>its</u> various federal constitutional and civil rights claims against certain parties to the lawsuit.

Plaintiffs and several other parties moved to remand the 2008 case to state court. While the motion to remand was pending, Three Rivers filed a petition for bankruptcy in the

Northern District of Georgia. On January 20, 2009, it also filed a second notice of removal in the 2008 case, pursuant to 28 U.S.C. § 1452(a). By Order entered March 13, 2009, the bankruptcy court in Georgia entered an order transferring Three Rivers' bankruptcy case to the Southern District of West Virginia. By Memorandum Opinion and Order dated March 30, 2009, this court struck defendant's second notice of removal and granted the pending motions to remand the 2008 case.

On April 13, 2009, Three Rivers once again removed the case to this court where it was assigned Civil Action No. 2:09-0359 ("the 2009 case"). Three Rivers based their removal on 28 U.S.C. § 1452, which governs removal in bankruptcy cases. As noted above, plaintiffs and intervening plaintiffs have filed motions for mandatory or permissive abstention, pursuant to 28 U.S.C. § 1334, and asked that the case be remanded to state court.

## Analysis

28 U.S.C. § 1452(a), the statute governing removal in bankruptcy cases, provides in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings

arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).  The instant case does not arise under Title 11 or in a case under Title 11.  Rather, it is related to a bankruptcy case under Title 11 because the claims involved herein are purely state law claims that were filed prior to the filing of the bankruptcy petition.  See Barge v. Western Southern Life Ins. Co., 307 B.R. 541, 544 (S.D.W. Va. 2004).

Given that the instant case is "related to a case under title 11," the motions to remand were filed which contended that this court was required to abstain under the mandatory abstention provision found in 28 U.S.C. § 1334(c)(2):

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Therefore, in order "[f]or mandatory abstention to apply it is necessary that a timely motion be made, as here, by a party to the proceeding and the proceeding must `(1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding.'" Barge, 307 B.R. at 546

(quoting In re Dow Corning Corp., 113 F.3d 565, 570 (6th Cir. 1997)).

The motions to abstain were timely filed. Further, as noted above, the complaint is based on state law claims for breach of contract, negligence, and fraud. As evidenced by the earlier remand of the 2008 case, the case lacks a federal jurisdictional basis absent the bankruptcy.

As to the third factor governing abstention, this case was commenced in a state court of appropriate jurisdiction. See Christo v. Padgett, 223 F.3d 1324, 1331 (11th Cir. 2000) (holding that mandatory abstention applies to removed state law action because action had been commenced in state court). Concerning the issue of whether the case is capable of timely adjudication, the court finds that it is able to be tried in a timely fashion in state court. Prior to removal of the 2008 case, it was scheduled to be tried in January 2009. Further, counsel for the third party defendants submitted an affidavit showing that she had inquired of the state court and, as of May 13, 2009, the case could be tried as early as September 2009, in the Circuit Court of Kanawha County. See Affidavit of Sarah M. Janey, May 13, 2009.

As to the final requirement that this be a non-core proceeding, the court has already found this is a case related to a bankruptcy case. "[P]roceedings that are merely related to a

5

bankruptcy case are generally considered to be non-core." Barge, 307 B.R. at 544; see also In re Gober, 100 F.3d 1195, 1206 (5th Cir. 1996) ("Mandatory abstention applies only to non-core proceedings-that is, proceedings related to a case under title 11, but not arising under title 11, or arising in a case under title 11.") (internal citations and quotations omitted). Significantly, in its notice of removal, Three Rivers concedes that the instant action "is related to a case currently pending under the Bankruptcy Code. . . ." Notice of Removal ¶ 10. Accordingly, the court finds this to be a non-core proceeding and Three Rivers does not contend otherwise.

Based upon the foregoing discussion, mandatory abstention is appropriate.[*]

---

[*] In the various motions to remand, the parties also argue that permissive abstention would be appropriate. 28 U.S.C. 1334(c)(1) provides that:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

In his thoughtful opinion in the Barge case, Judge Copenhaver discussed 12 factors for courts to consider in deciding whether to abstain under § 1334(c)(1). See Barge, 307 B.R. at 547. Having already found that mandatory abstention applied in Barge, Judge Copenhaver also concluded that permissive abstention would be appropriate.

Having considered the factors that govern a district court's decision to abstain under § 1334(c)(1), the court concludes that permissive abstention would also be appropriate herein.

## Conclusion

For the foregoing reasons, the court concludes that mandatory abstention applies. Accordingly, the motions to remand are GRANTED and this case is **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

The Clerk is directed to send certified copies of this Memorandum Opinion and Order to all counsel of record and to the Clerk of the Circuit Court of Kanawha County.

IT IS SO **ORDERED** this the 20th day of October, 2009.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge